Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REED TIMMER,<br><br>Plaintiff,<br><br>v.<br><br>NEWS NATION NETWORK PVT. LTD, et al,<br><br>Defendants. | Case No. 3:25-cv-01547-SI<br>*Hon. Susan Illston Presiding*<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 19, 2025<br>Time: 3:00 P.M.<br>Location: San Francisco, Courtroom 1, 17th Floor |

Pursuant to the Court's Order (Dkt. No. 20), Plaintiff Reed Timmer ("Timmer") hereby submits this Initial Case Management Conference Statement. Timmer files this Statement unilaterally as Defendant News Nation Network Pvt. Ltd. ("Defendant") has not yet appeared in the case.

**1.   Jurisdiction and Service:**

This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). As set forth in Timmer's *motion to vacate the management conference* (Dkt. 21), Defendant has yet to be served with the Summons and First Amended Complaint ("FAC"). However, Plaintiff has engaged an international process server and has confirmed the appropriate documents to serve via the Hague Service Convention have

been received by the Central Authority in New Delhi on July 14, 2025, and Timmer awaits results. *Id*.

**2.    Facts:**

This is a straightforward copyright infringement case. Timmer is a professional videographer who travels the globe to document weather extremes, from tornadoes, hurricanes, floods, blizzards, volcanoes, and climate change impacts. Defendant displayed 7 of Timmer's original videos ("Subject Videos") on Youtube.com, Dailymotion.com, and Facebook.com for commercial purposes without Timmer's permission, consent, or authorization. Defendant did not respond to Timmer's efforts to resolve this dispute without litigation, so Timmer filed this action to enjoin Defendant from further exploiting Timmer's work and to compensate Timmer for Defendant's unauthorized use.

**3.    Legal Issues:**

Timmer anticipates the primary legal issues being (1) Timmer's ownership of the copyrights in, and Defendant's copying of, the Subject Videos; (2) whether Defendant's infringement was willful; and (3) the amount of damages.

**4.    Motions:**

Barring an early (i.e., prior to the conclusion of discovery) amicable resolution of this case, Timmer anticipates filing a motion for partial summary judgment as to Defendant's liability for copyright infringement.

**5.    Amendment of Pleadings:**

Timmer may move to add additional defendants should discovery reveal the involvement of currently unknown parties in the chain of infringement of the Subject Videos. An initial round of discovery is likely needed to discern the identities of potential additional defendants, if any.

**6.    Evidence Preservation:**

Timmer's counsel has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and has taken steps to preserve evidence relevant to this case within his possession, custody, or control.

**7. Disclosures:**

Timmer intends to serve initial disclosures under Rule 26(a) within two weeks following Defendant's response to the FAC.

**8. Discovery:**

Because Defendant has not yet appeared in this action, discovery has been on hold to date.

Assuming Defendant participates in this action once it is served, Timmer intends to propound written discovery requests and take Defendant's deposition.

**9. Class Actions:**

N/A.

**10. Related Cases:**

N/A.

**11. Relief:**

As set forth in the FAC, Timmer seeks:

a. That Defendant, as well as well as their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Videos, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Videos from their respective websites, social media platforms, marketing and advertisement materials.

b. That Timmer be awarded his losses attributable to Defendant's infringement and Defendant's profits stemming from the same, the exact sums to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

  c. That Timmer be awarded his costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, et seq;

  d. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringements of Timmer's intellectual property rights.

  e. That Timmer be awarded pre-judgment interest as allowed by law;

  f. That Timmer be awarded the costs of this action; and

  g. That Timmer be awarded such relief as the Court deems proper.

**12.** **Settlement and ADR:**

Timmer and his counsel have reviewed the Alternative Dispute Resolution Procedures Handbook. Because Defendant has not yet appeared in this action, Timmer's counsel has not had an opportunity to confer with Defendant regarding ADR selection.

**13.** **Other References:**

Timmer believes this case does not warrant binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.** **Narrowing of Issues:**

Timmer has not yet been able to confer with Defendant over any narrowing of issues.

**15.** **Scheduling:**

In lieu of proposing a case management schedule, Timmer respectfully requests that the Court vacate the case management conference set for Sept. 19, 2025, and a deadline bet set to file a status report re status of service every 90 days until service is completed.

**16.** **Trial:**

If trial is necessary, Timmer has demanded a jury trial and anticipates that a trial would require 2-3 days.

**17. Disclosure of Non-Party Interested Entities or Persons:**

Timmer has filed his certification of interested entities or persons (Dkt. 7).

**18. Professional Conduct:**

Timmer's counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

Timmer's counsel is not aware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

WHEREUPON, Timmer hereby submits this Case Management Conference Statement.

Respectfully submitted,

Dated: September 12, 2025    By:    */s/ Andres Navarro*
Stephen M. Doniger, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*